RAFAEL BERMÚDEZ, Plaintiff and Appellant, v. RAFAEL A. VEVE ET AL., Defendants and Appellees.

No. 8840. Argued November 29, 1943.—Decided December 3, 1943.

Antonio J. Matta and Fernando Ruiz Suria for appellant. Hartzell, Kelly & Hartzell and Rafael O. Fernández for appellees.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The defendants and appellees move for the dismissal of the appeal taken by the plaintiff from the judgment on the pleadings, rendered by the District Court of San Juan on June 29, 1943.

██ It appears from the record before us that the appeal was filed and notified to the defendants on July 28, 1943; that the appellant obtained, on motion, from the District Court of San Juan two extensions of 30 days each for filing in this court the transcript of the record, the latter of said extensions having expired on October 26, 1943, without the appellant applying for a new extension; that the motion to dismiss under consideration was filed on November 2, 1943; that the transcript of the record was filed in the office of the Secretary of this court on November 23, 1943, that is, 21 days after the motion to dismiss had been filed and notified.

By §299 of the Code of Civil Procedure and Rule 40 of the Rules of this court an appellant is allowed 30 days from the settlement of the record in the lower court in order to file the transcript in the Supreme Court.

The question as to when it should be considered that a record has been settled was submitted to this court in *Hernández* v. *Quiñones,* 34 P.R.R. 690, where it was held that (a) when there is a statement of the case or a bill of exceptions, from the time when the said documents are approved and made a part of the judgment roll, and (b) that "when there are no such documents, that is, when all that is to be included in the transcript forms a part of the judgment roll at the time when the appeal is taken, the starting point for computing the period is the date on which the notice of appeal was filed."

Under the rule laid down in the above case the term of 30 days established by law for filing in this court the transcript of the record started to run from July 28 and expired on August 27, 1943. The extensions granted by the lower

632

court to file in the Supreme Court the transcript of the record are ineffectual, "for the reason that only the Supreme Court has jurisdiction to grant such extensions," as was held in *Hernández* v. *Quiñones, supra.* In any case, even though we admitted that the lower court had jurisdiction to extend the term, the fact is that the last extension granted by it expired on October 26, 1943, without the appellant having filed the transcript of the record.

As the transcript of the record had not been filed prior to the notification of the motion to dismiss, Rule 58 of this court is not applicable.

The motion should be sustained and the appeal dismissed on the ground of abandonment.